Marina Lang, Cal. Bar No. 251,087 mlang@socalip.com
Steven C. Sereboff, No. 156,731 ssereboff@socalip.com
Brian S. Tamsut, No. 322,780 btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Bragg Live Food Products, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Bragg Live Food Products, LLC, a Delaware limited liability company,<br><br>　　Plaintiff,<br><br>　　v.<br><br>National Fruit Product Company, Incorporated, a Virginia Corporation, and Does 1-10,<br><br>　　Defendants. | No. 2:22-cv-584<br><br>Complaint for Damages and Injunction:<br>(1) LANHAM ACT TRADE DRESS INFRINGMENT [15 U.S.C. § 1125(a)(3)];<br>(2) COPYRIGHT INFRINGEMENT [17 U.S.C § 501];<br>(3) LANHAM ACT UNFAIR COMPETITION [15 U.S.C. § 1125(a)];<br>(4) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200];<br><br>Demand for Jury Trial |

　　Plaintiff Bragg Live Food Products, LLC ("Plaintiff" or "Bragg") for its complaint against National Fruit Product Company, Incorporated ("White House"), and Does 1-10, alleges on information and belief as follows:

## FIRST CLAIM FOR RELIEF – LANHAM ACT TRADE DRESS INFRINGEMENT
## [15 U.S.C. § 1125(a)(3)]

**A.  SUBJECT MATTER JURISDICTION**

1. Plaintiff Bragg Live Food Products, LLC ("Plaintiff' or "Bragg") is a Delaware Limited Liability Company registered to do business in California with its primary business located in this District, in Santa Barbara, California and a business address of PO Box 7, Santa Barbara, CA 93102, and it brings this action for federal trade dress infringement, federal copyright infringement, federal unfair competition, California unfair business practices, against National Fruit Product Company, Incorporated ("White House") and Does 1-10 (White House and Does 1-10 referred to herein singularly as "Defendant" and collectively as "Defendants").

2. Defendant, White House, is a Virginia corporation with a business address of 701 Fairmont Ave, Winchester, VA 22601, and it operates and does business throughout the United States, including in this District, under its trademarked name "White House."

3. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and the Copyright Act 17 U.S. Code § 501 et seq. This Court has subject matter jurisdiction over Plaintiff's related common law of California claims under 28 U.S.C. §§ 1338(b) and 1367 because the state law claims relate to claims for unfair competition.

**B.  PERSONAL JURISDICTION & VENUE**

4. This court has personal jurisdiction over the Defendants because they conduct business in the jurisdiction of the United States District Court for the Central District of California by offering goods for sale in Los Angeles, Ventura and Santa Barbara counties, California.

5. Bragg does not know the true names and capacities, whether individual, corporate, associate or otherwise of defendants Does 1–10. Therefore, they are sued by these fictitious names. Bragg will amend this pleading when the true names and capacities have been ascertained.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), because each Defendant is a corporate entity subject to personal jurisdiction in this district.

## C. FACTS

7. For over 100 years, Bragg has developed a reputation as an industry leader in organic foods, specifically Apple Cider Vinegar ("ACV").

8. For many decades, Bragg has used distinctive and novel features on its trade dress that were designed to distinguish Bragg's products from others in the market.

9. Founder Paul Bragg designed the Bragg labeling and trade dress to stand out from competing products. His inspiration for the Bragg labeling was drawn from event promotions popular in the early 1900s, including circus banners and similar commercial copy. This unique trade dress includes the distinctive use of the colors yellow, red, white, and black to construct certain labels consumers have come to know and love. For example, many Bragg labels include a distinctive yellow background, a red bordering on labels and specific phrases such as the term "organic" written in white surrounded by red, the words "APPLE CIDER VINERGAR" written in bold, the phrase "with the mother" written in white and surrounded by red.

10. Consumers have come to readily identify Bragg products by spotting the bright yellow coloring scheme on store shelving and in other commercial contexts such as on the web and in social media posts. The core elements of red, yellow, white, and red, and the arrangements of elements on the package has remained the same for several decades. Because of Bragg's extensive use of this distinctive trade

dress on its products, and on its website and in advertising, Bragg enjoys national recognition and goodwill in this trade dress.

11. Defendant White House is a relative newcomer to the ACV industry and first started selling ACV goods in or around 2016 using a predominantly green label as shown below:



12. In or around 2019, White House launched new product labels and advertising that demonstrate undisputed trade dress, trademark, and copyright infringement necessitating the instant lawsuit. White House intentionally adopted the same design, features, shape, colors, and configuration as Bragg's ACV products. The similarity between essential features of both party's designs is obvious, as evidenced by one, of many, examples shown below, and therefore this court must enjoin the defendant from offering such egregious competing trade dress meant to cause consumer confusion:



13. Through its counsel, Bragg has sent numerous letters to Defendant White House demanding they cease developing and promoting similar product labels and advertising campaigns. White House continues to infringe Bragg's trade dress without cessation.

14. White House ACV products are likely to cause consumers, the public and the trade to erroneously believe the goods they sell emanate or originate from Bragg, or that Bragg authorized, sponsored, or approved the goods. This confusion causes irreparable harm to Bragg and weakens the distinctive quality of Bragg's brand and products. Defendant engages in trade dress infringement, federal copyright infringement, federal unfair competition, unlawful California business practices, and federal trademark infringement, by imitating and copying Bragg's products, advertising, packaging, and other unique designs, layout, color schemes, and wording that make up the distinctive total image and appearance of Bragg, and Bragg seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, and other relief authorized under federal and state law.

15. Bragg's name, other logos and trade dress have been registered with the United States Patent and Trademark Office. Bragg's mark has been used in commerce and associated with its ACV for many decades, and that mark is registered with the USPTO as shown below:

| Country | Mark | Class No. | Application Date | Registration date | Registration No. |
|---|---|---|---|---|---|
| United States | BRAGG | 030 | 08/26/2015 | 05/17/2016 | 4959238 |
| United States | BRAGG | 005, 029, 030 | 08/28/2008 | 06/16/2009 | 3638207 |
| United States | BRAGG | 032 | 08/09/2018 | 3/26/2019 | 5,709,467 |

| | | | | | |
|---|---|---|---|---|---|
| United States | BRAGGBERRY | 030 | 03/22/2011 | 11/08/2011 | 4052496 |
| United States | BRAGG ALL NATURAL LIQUID AMINOS | 030 | 05/06/2010 | 07/05/2011 | 3988324 |
| United States | BRAGGZYME (stylized) | 005 | 11/11/2008 | 06/09/2009 | 3635204 |
| United States | BRAGG ORGANIC RAW ~ UNFILTERED APPLE CIDER VINEGAR WITH THE 'MOTHER' | 030 | 9/16/2019 | 5/26/2020 | 6,062,923 |

16. Bragg's copyrights for its label and packaging designs include its unusual packaging configuration, artistic graphical choices, unique color blocking, cleverly placed and uniquely shaped banners, original photorealistic illustrations, and intentionally and creatively arranged and sized frames, shapes, borders, font, color, designs, stylization, display, and impression that are original and create a unified original and creative work.

17. White House's acts violate 15 U.S.C. § 1114, and Bragg has been and is likely to be damaged by these acts. Thus, Defendant is liable for the acts alleged herein directly, vicariously, and/or contributorily. Because Defendants' infringement, as alleged herein, was intentional, willful, malicious, and done with full knowledge of Bragg's marks, trade dress, and copyrights, with intent to trade on the goodwill therein and cause consumer confusion and deception, this action qualifies an exceptional case within the meaning of 15 U.S.C. § 1117. Bragg is entitled to exemplary damages, attorneys' fees, costs, and pre-judgment interest pursuant to the Lanham Act.

18. As a result of White House's acts as alleged herein, Bragg incurred damages in an amount to be proven at trial consisting of, inter alia, the diminution in the value and goodwill associated with its trademarks and trade dress, lost sales, and Defendants' profits attributable to infringement.

## SECOND CLAIM FOR RELIEF - COPYRIGHT INFRINGEMENT

## [17 U.S.C. § 501]

19. Bragg re-alleges and incorporates by reference its previous allegations.

20. Bragg owns valid federal copyrights for its original, distinctive, unique, creative, and artistic product packaging at Copyright Registration No. VA 2-100-029, Registration No. VA 2-261-376, Registration No. VA 2-261-365, Registration No. VA 2-261-368, Registration No. VA 2-264-374, Registration No. VA 2-261-380, Registration No. VA 2-261-379, copies of which are attached as Exhibit A and incorporated by reference.

21. Defendants committed copyright infringement by copying constituent elements of Bragg's original protected works.

22. Defendants' infringement was willful, because it copied Bragg's original work knowing that its conduct constitutes an act of infringement.

23. Slight differences in color or size and uncopyrightable wording/lettering is no defense to Defendants' infringing conduct.

24. At the time of Bragg's publication of its original creative works, the designs and labels used by Defendants did not resemble, copy, or look like Bragg's protected original works.

25. After publication of Bragg's protected works in the public marketplace, defendants, without permission, intentionally and knowingly reproduced, counterfeited, copied, displayed, altered, and manufactured Bragg's protected work by offering, advertising, promoting, retailing, selling, and distributing its ACV in product packaging and related promotional and advertising content copying the artwork and protected copyrightable material in Bragg's original work.

26. Defendants copied Bragg's artwork protected under copyright commercial gain, and placed the artwork on its own labels, packaging, and advertising to be con-

fusingly similar to Bragg's copyrighted artistic graphical choices, unique color blocking, arbitrarily placed, stylized, sized and uniquely shaped banners, original photorealistic illustrations, and intentionally placed in differently sized frames, borders, texts and shapes that are original to Bragg and protected under their federal copyright registrations.

27. Plaintiff suffered damages. Because of Defendant's copyright infringement, they earned profits they otherwise would not have earned.

28. Plaintiff is also entitled to statutory damages under 17 U.S.C. § 504 of at least $30,000 per infringing work. Because Defendants' infringement was willful, they are liable for statutory damages of $150,000 under 17 U.S.C. § 504(c)(2).

### THIRD CLAIM FOR RELIEF - LANHAM ACT UNFAIR COMPETITION
### [15 U.S.C. § 1125(a)]

29. Bragg re-alleges and incorporates by reference its previous allegations.

30. Defendant manufactures, distributes, sells, and/or offer for sale in commerce the White House ACV products, which unfairly compete with Bragg's ACV goods by offering, advertising, promoting, retailing, selling, and distributing ACV product that copy Bragg's marks, trade dress, copyrights, artwork and related protected material with the intent to dilute, blur, and tarnish the distinctive quality of Bragg marks, trade dress, and copyrights, cause confusion in the marketplace amongst consumers, and trade on Bragg's reputation and goodwill created through more than a century of product sales.

31. Defendant's actions as alleged herein, individually and in combination, violate section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's conduct has weakened the ability of Bragg's mark to readily identify and distinguish Bragg's goods in the market. The White House products have blurred and tarnished Bragg's mark by introducing an inferior yet confusingly similar product in stores and online.

33. Because Defendant acted willfully and intentionally to trade on Bragg's reputation and/or to cause dilution of Bragg's trademarks and trade dress, Bragg is entitled to damages, exemplary damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(2).

34. As a result of Defendant's acts, Bragg incurred damages in an amount to be proven at trial consisting of, *inter alia*, the diminution in the value and goodwill associated with its trademarks and trade dress, lost sales, and Defendant's profits attributable to infringement.

## FOURTH CLAIM FOR RELIEF - UNFAIR BUSINESS PRACTICES
## [CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200]

35. Bragg re-alleges and incorporates by reference its previous allegations.

36. Defendant has engaged in unfair competition under the Cal. Bus. & Prof. Code § 17200 by engaging in unlawful and unfair conduct, as described above and in this claim for relief. Defendant consciously redesigned its product packing and labels to imitate and copy that of Bragg's to create a likelihood of confusion in the health foods and gourmet grocery marketplace. Defendant's acts are calculated to blur the distinction between their company and products and Bragg's well-known company and famed ACV products.

37. By misappropriating and using Bragg's protected marks, trade dress, copyrights, label, artwork, design, and related protected works, Defendant misrepresented and falsely described to the public the origin and source of the products and created a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such product.

38. Bragg has been and will continue to suffer damages and irreparable harm because of Defendant's unfair competition unless defendants are enjoined from engaging in further such acts. As a proximate and foreseeable result of Defendant's violations

of the California unfair competition law, Bragg has been damaged in an amount presently unknown. Defendants have unjustly earned profits that but for their acts complained of here, they would not have earned

39. Defendant's conduct was willful, because it copied Bragg's original works knowing that its conduct constituted an act of infringement for its own commercial gain and placed it on its own labels, packaging, and advertising to be confusingly similar to Plaintiff Bragg's copyrighted artistic graphical choices, unique color blocking, stylized, sized and uniquely shaped banners, and intentionally placed and differently sized frames, borders, texts and shapes that are original to Bragg.

### Request for Relief

WHEREFORE, Bragg respectfully requests that the Court order judgment against Defendant for:

1. An injunction ordering Defendant, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

   (a) using any reproduction, counterfeit, copy, or colorable imitation of the Bragg marks, trade dress, copyrights, and related packaging and logos, to identify any goods or the rendering of any services not authorized by Bragg;

   (b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Bragg's business reputation or weaken the distinctive quality of the Bragg marks, trade dress, copyrights, and related packaging and logos;

   (c) using a false description or representation including words or other symbols falsely describing or representing Defendants' unauthorized goods as being those of Bragg or sponsored by or associated with Bragg and from offering such goods in commerce;

    (d) further infringing the Bragg marks, trade dress, copyrights, and related packaging and logos by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Bragg bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Bragg marks, trade dress, copyrights, and related packaging and logos;

    (e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Bragg marks, trade dress, copyrights, and in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or relate or connect, such products to Bragg, or to any goods sold, manufactured, sponsored or approved by, or connected with Bragg;

    (f) making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Defendant is associated or connected with Bragg; or is sold, manufactured, licensed, sponsored, approved or authorized by Bragg;

    (g) engaging in any conduct infringing the Bragg marks, trade dress, copyrights, and, of Bragg's rights in, or to use or to exploit, the Bragg the Bragg marks, trade dress, copyrights, and related packaging and logos, or constituting any weakening of Bragg's name, trade dress, reputation or goodwill;

    (h) using or continuing to use Bragg marks, trade dress, copyrights, and or trade names or trade dress or any variation thereof on the Internet (either in the text of websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of

any Internet site with a search engine or index) in any goods or services not directly authorized by Bragg;

    (i) hosting or acting as internet service provider for, or operating any websites, that offer for sale any products bearing the Bragg marks, trade dress, copyrights;

    (j) using any email addresses to offer for sale any nongenuine products bearing counterfeits of the Bragg marks, trade dress, copyrights;

    (k) using any e-commerce site under any seller name, connected with any websites, that offer for sale any merchandise bearing counterfeits of the Bragg marks, trade dress, copyrights;

    (l) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Bragg marks, trade dress, copyrights; and

    (m) effecting assignments or transfers, forming new entities or associations, or utilizing any other device to circumvent or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

2.    Within 10 days of judgment, Defendant must take all steps necessary to remove from all websites it owns or controls all text or other media offering for sale any merchandise bearing counterfeits of the Bragg marks, trade dress, copyrights.

3.    Within 30 days of judgment, Defendants must file and serve Bragg with a notarized sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants complied with this injunction.

4.    Order for Defendants to deliver up for destruction to Bragg all unauthorized products and advertisements in its possession or under their control bearing the

Bragg marks, trade dress, copyrights, and related packaging and logos or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production under 15 U.S.C. § 1118.

5. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Bragg or related to Bragg's products.

6. Defendant to pay to Bragg damages Bragg sustained from Defendant's infringement of the Bragg marks, trade dress, copyrights, and related packaging and logos and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Bragg marks, trade dress, copyrights, and that the award to Bragg be trebled as provided for under 15 U.S.C. § 1117; that Bragg be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2 million for each trademark or trade dress Defendants willfully counterfeited and infringed.

7. Defendant to pay Bragg's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

8. Awarding punitive damages to Bragg for Defendants' willful, malicious, and bad faith conduct.

9. Directing this Court retain jurisdiction to enable Bragg to apply to the Court at any time for such further orders and interpretation or execution of any order entered, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

10. Awarding to Bragg such other and further just and proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

January 26, 2022

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Bragg.